

# NUMBER 13-20-00159-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ADA ELIZONDO,                                                                                    Appellant,

v.

U.S. BANK, N.A.,                                                                                   Appellee.

## On appeal from the County Court at Law No. 6 of Hidalgo County, Texas.

# ORDER

### Before Chief Justice Contreras and Justices Benavides and Silva
### Order Per Curiam

Appellant Ada Elizondo brought a suit against appellee U.S. Bank, N.A. (U.S. Bank) and Shapiro Schwartz, LLP (Shapiro)[1] asserting multiple claims and seeking

---

[1] Although Elizondo names a third party, Nationstar Mortgage LLC (Nationstar), as a defendant in the body of her first amended petition, filed November 15, 2017, Nationstar is not identified in the style of the cause, and it is unclear whether Nationstar received citation.

injunctive relief to prevent the foreclosure of her home following her mortgage default. U.S. Bank moved for summary judgment on all of Elizondo's claims, which the trial court granted. After reviewing the clerk's record, the Court questions its jurisdiction over this appeal. We can find no order, judgment, or other document disposing of the claims against Shapiro.

Absent a statutory exception, an appeal may only be taken from a final judgment that disposes of all parties and claims. *See Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 387 (Tex. 2020); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) ("[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties."); *see also, e.g.*, *Hardaway v. Narstco Inc.*, No. 10-18-00286-CV, 2018 WL 5290143, at *1 (Tex. App.—Waco Oct. 24, 2018, no pet.) (mem. op.) (dismissing an appeal for want of jurisdiction where summary judgment was only sought and granted for some defendants but claims against other defendants remained); *Brewer v. Schlumberger Tech. Corp.*, No. 04-16-00519-CV, 2017 WL 3880130, at *1 (Tex. App.—San Antonio Sept. 6, 2017, no pet.) (mem. op.) (per curiam) (same); *cf. Luna v. Luna*, No. 13-10-00455-CV, 2011 WL 3667465, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 22, 2011, no pet.) (mem. op.) (concluding that an order granting motions for no-evidence summary judgment, which states that "appellant's claim is dismissed and that '[t]his judgment finally disposes of all parties and all claims and is appealable'" was, in fact, appealable "even though the judgment did not address the plaintiff's claims against

2

one of the defendants").

Neither parties briefed the issue of this Court's jurisdiction. Accordingly, so that the Court may determine the threshold issue of jurisdiction, appellant is ORDERED to file, no later than September 7, 2021, a letter brief addressing the Court's concern. Appellee may file a response within ten days of the filing of appellant's letter brief. If any party relies on information not included in the clerk's record, that party shall have filed a supplemental clerk's record containing that information. Should the Court determine it lacks jurisdiction, the Court will dismiss the appeal without further notice. *See* TEX. R. APP. P. 42.3(a). The Court may also dismiss the appeal without further notice should appellant fail to file the requested letter brief. *See id*. 42.3(a),(c).

PER CURIAM

Delivered and filed on the
24th day of August, 2021.